IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TERRY GALYEAN, and GREGG SNARE, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>DOMINION ENERGY, INC.,<br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>Case No.  3:23-cv-477 |

Plaintiffs Terry Galyean, and Gregg Snare, ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, on personal knowledge, and on investigation of their counsel, against Dominion Energy, Inc. ("Dominion" or "Defendant") in order to obtain monetary damages, attorneys' fees and costs, and other relief for Defendant's acts, omissions and/or practices in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and the regulations promulgated pursuant to said Act by the Federal Communications Commission (FCC) at 47 C.F.R. Part 64.

## INTRODUCTION

1. Defendant is a utility company that generates substantial profits from soliciting potential customers through telemarketing in markets where consumers have a choice as to what utility company they use.

2. As set forth in detail below, Defendant has conducted a wide-scale calling campaign, repeatedly making unsolicited telemarketing calls to the telephones of persons in violation of applicable federal law. Principally, Defendant is (1) making robo-calls in violation of

47 U.S.C. § 227 and (2) calling persons who have affirmatively requested not to be called, in violation of 47 C.F.R. Part 64.

3. In 1991, Congress enacted the Telephone Consumer Protection Act in response to consumer concerns about the proliferation of unsolicited telemarketing calls to their homes and the increasing use of autodialed and prerecorded calls, also known as "robo-calls." 47 U.S.C. § 227. Congress considered robo-calls to be costly, inconvenient, and a greater nuisance and invasion of privacy than live solicitation calls. The TCPA prohibited most "robocalls" and also authorized the FCC to prohibit calls to numbers on an entity-specific and/or a national do-not-call list. 47 U.S.C. § 227.

4. The TCPA prohibits the use of "an automated telephone dialing system" to make any non-emergency call to a telephone number assigned to a "cellular telephone service" without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

5. The TCPA prohibits the use of "an artificial or prerecorded voice" to make any non-emergency call to a telephone number assigned to a "cellular telephone service" without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). This prohibition exists regardless of whether the caller uses an automated telephone dialing device.

6. The TCPA prohibits the use of "an artificial or prerecorded voice" to make any non-emergency call to a residential telephone line for a "commercial purpose" which either introduces an "unsolicited advertisement" or constitutes a "telephone solicitation" unless the called party has given prior express consent or the call is exempted by regulation of the FCC made pursuant to paragraph § 227(b)(2)(B)." 47 U.S.C. § 227(b)(1)(B). The FCC is only allowed to exempt calls that are non-commercial or that, in the FCC's determination, "will not adversely affect the privacy rights that this section is determined to protect" AND "do not include the

transmission of any 'unsolicited advertisement.'" 47 U.S.C. § 227(b)(2)(B).

7. In 1992, the FCC enacted prohibitions requiring callers to maintain an entity-specific do-not-call list and prohibiting calls to telephone numbers on that list. 47 C.F.R. 64.1200(d), (e).

8. In 2003, the FCC established the National Do Not Call Registry (the "Registry"), and promulgated regulations to prohibit calling numbers on the Registry. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or online at donotcall.gov. In 2007, the Do-Not-Call Improvement Act eliminated the automatic removal of numbers from the National Do Not Call Registry ("Registry") every five years.

9. As a result of Defendant's unlawful acts, omissions and/or practices as alleged herein, Plaintiffs and all proposed class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential telephones as the calls came in, involuntary telephone charges[1], involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress.

10. The TCPA creates private right of action for violations of its provisions. Private persons harmed by a violation of the TCPA may seek an injunction and damages for violations of the TCPA's robo-call provisions under 47 U.S.C. § 227(b)(3) and for violations of the TCPA's do-not-call provisions under 47 U.S.C. § 227(c)(5). A prevailing plaintiff in an action brought under the TCPA is entitled to the greater of actual damages or $500 for each violation of the TCPA. 47 U.S.C. § 227(b)(3); 47 U.S.C. § 227(c)(5). In addition, a prevailing plaintiff may be awarded up to treble damages for each knowing and/or willful violation. *Id.*

---

[1] The FCC has recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regus. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003) ("*2003 FCC Declaratory Ruling*").

11. Plaintiffs bring this Class Action Complaint to put an end to, and obtain redress for, Defendant's acts, omissions and/or practices in violation of the TCPA and its associated regulations.

## PARTIES

12. Plaintiff Terry Galyean, at all times mentioned herein, has resided in and has been a citizen of the Commonwealth of Virginia living in Cana, Virginia.

13. Plaintiff Gregg Snare, at all times mentioned herein, has resided in and has been a citizen of the State of Ohio living in Marion, Ohio.

14. Defendant Dominion Energy, Inc. is a corporation organized under the laws of Virginia, with a principal place of business at 120 Tredegar Street Richmond, Virginia 23219.

## JURISDICTION AND VENUE

15. This Court has personal jurisdiction over Defendant because Defendant is incorporated under the laws of Virginia and has its principal place of business in this state.

16. Further, on information and belief, a substantial part of the conduct that gave rise to this action took place within this state, such that even were general jurisdiction over the Defendant absent, this Court would have specific jurisdiction over Defendant with respect to this action.

17. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law. The TCPA, a federal statute, creates the private rights of action pursuant to which this Complaint is brought and furnishes the substantive rules of decision with respect to said action.

18. This Court has subject matter jurisdiction pursuant to Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) the amount in controversy exceeds $5,000,000, exclusive

of interests and costs, (b) the total number of putative class members exceeds 100, and (c) at least one member of the proposed Class is a citizen of a State different from the Defendant. 28 U.S.C. § 1332(d)(2).

19. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated under the laws of Virginia and has its principal place of business in this state.

20. Further, on information and belief, a substantial part of the conduct that gave rise to this action took place within this state, such that venue would be proper even if the allegations of the preceding paragraph were not true.

## FACTUAL ALLEGATIONS

### Generally

21. On information and belief, Defendant has used and continues to use an "automatic telephone dialing system" to reach telephone numbers assigned to a "cellular telephone service." 47 U.S. Code § 227(b)(1)(A)(iii).

22. Defendant has delivered and continues to deliver prerecorded messages not falling within any exception to the general prohibition against the use of artificial or recorded voice in telemarketing calls set out in 47 U.S. Code § 227(b)(1)(A)(iii).

23. Defendant fails and continues to fail to abide by do-not-call requests made to Defendant or its agents.

24. Defendant has initiated and continues to initiate calls to those who have requested not to be called by Defendant.

25. The facts as they concern each named Plaintiff are indicative and exemplary of a wider pattern of knowing and willful violations of the TCPA and its associated regulations.

26. As a result of Defendant's unlawful acts, omissions and/or practices as alleged

herein, Plaintiffs and all proposed class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential telephones as the calls came in, electronic intrusion on cell phone capacity, risk of personal injury due to interruption and distraction, involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress. Plaintiffs and all proposed class members are entitled to compensation for these harms.

27. On information and belief, Plaintiffs allege that the violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## Ms. Terry Galyean

28. Defendant called Plaintiff Galyean on her cellular telephone at XXX-XXX-9006 numerous times to sell its services to Plaintiff Galyean. She has had this number for 7 years. Her number is assigned to a "cellular telephone service" as defined by 47 U.S. Code § 227(b)(1)(A)(iii).

29. Plaintiff Galyean registered her telephone numbers on the National Do Not Call Registry, and her telephone number have been registered with the National Do Not Call Registry for approximately 7 years.

30. On information and belief, Defendant and/or one of Defendant's agents placed these calls to Plaintiff Galyean using an automated system for the selection or dialing of telephone numbers and the playing of an artificial or prerecorded voice without Plaintiff's prior consent.

31. Every time Plaintiff Galyean answered one of Defendant's calls, there was a multiple second pause before a prerecorded message began, using a prerecorded voice. She was unable to converse with the voice, it just continued with the message when she attempted to speak and ask it to stop calling her. The calls continued.

32. On the call the prerecorded voice identified itself as Dominion Energy. The call did

not have caller ID.

33. Prior to the calls at issue in this action, Plaintiff Galyean had not had any contact with Defendant nor used any of Defendant's services. She has never consented in writing, or otherwise, to receive prerecorded telephone calls from Defendant. Moreover, Plaintiff Galyean has no interest in Dominion's services, and these calls were unsolicited, unwanted, and harassing.

### Mr. Gregg Snare

34. Defendant called Plaintiff Snare approximately three to six times on his cellular device at XXX-XXX-1500 and on his cellular device at XXX-XXX-6807 to sell its services to Plaintiff Snare.

35. Plaintiff Snare's telephone numbers have been registered with the National Do Not Call Registry for more than five years. Mr. Snare personally registered his telephone number with the National Do Not Call Registry.

36. On information and belief, Defendant and/or one of Defendant's agents placed these calls to Plaintiff Snare using an automated system for the selection or dialing of telephone numbers and the playing of an artificial or prerecorded voice without Plaintiff Snare's prior consent.

37. When Plaintiff Snare answered Defendant's calls, a prerecorded message began immediately using a prerecorded voice that Plaintiff Snare was unable to interact with. Plaintiff Snare would then tell the voice to stop calling and hang up the phone.

38. On the call the prerecorded voice identified itself as Dominion Energy. The call did not have caller ID.

39. Prior to the calls at issue in this action, Plaintiff Snare had not had any contact with Defendant nor used any of Defendant's services. He has never consented in writing, or otherwise,

to receive prerecorded telephone calls from Defendant. Moreover, Plaintiff Snare has no interest in Dominion's services, and these calls were unsolicited, unwanted, and harassing.

## CLASS ACTION ALLEGATIONS

40. **Class Definitions:** Plaintiffs bring this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and the following Classes:

> **National Telemarketing Class**: All persons within the United States who (a) received a telephone call on their landline or cellular telephone; (b) made by or on behalf of Defendant; (c) in which an artificial or prerecorded voice was played; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

> **National DNC Class**: All persons in the United States (a) whose numbers are listed on the National Do Not Call Registry and (b) who received two or more telemarketing calls from Defendant or its agents to their telephone number within any 12-month period throughout the Class Period.

> **ATDS Class**: All persons in the United States (a) who Defendant, or someone on Defendant's behalf, (b) called and played a prerecorded message, (c) placed by any device or system programmed to sequentially or randomly access stored telephone numbers, (d) to automatically connect a telephone with a recorded message.

41. Plaintiffs represent, and are members of, the proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judge's staff and/or immediate family.

42. Given the scale of Defendant's business, the prospective Class is so numerous as to make joinder of all members impracticable. The exact size of the proposed Class and the identities of the Class members are readily ascertainable from Defendant's business records.

43. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. Common issues regarding the Class

include, among others:

    a. Whether the calls made to Plaintiffs and Class members' telephones were made by or on behalf of Defendant;

    b. Whether Defendant and/or its agents used an automatic telephone dialing system to make such calls;

    c. Whether such calls used an artificial or prerecorded voice;

    d. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated) to make such calls;

    e. Whether Defendant is liable for damages, and the amount of such damages; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

44. Plaintiffs assert claims that are typical of each member of the Classes. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Classes. There are no conflicts between Plaintiffs and the proposed Classes. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

45. A class action is the superior method for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual Class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for Class members to seek redress individually. In addition, it is likely that most Class members are unaware that they have claims. Finally, the prosecution of separate actions by the individual Class members, even if possible, would create a risk of inconsistent or varying adjudications regarding the individual Class members against Defendant. The disposition of the

claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. It will also protect the rights of individual class members because individual resolution of any individual member's claims would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications. Management of these claims is not likely to present difficulties.

46. Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate. Class-wide relief is essential to compel Defendants to comply with the TCPA.

## **FIRST CAUSE OF ACTION**
**Use of an "automatic telephone dialing system" in violation of the TCPA**

47. Plaintiffs incorporate by reference paragraphs one (1) through forty-six (46) of this Complaint as if fully stated herein.

48. Plaintiffs bring this claim individually and on behalf of the proposed ATDS Class against Defendant.

49. The TCPA prohibits the use of an "automatic telephone dialing system" to make any non-emergency call to a telephone number assigned to a "cellular telephone service" without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

50. An "automatic telephone dialing system" is statutorily defined as "to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

51. Defendant has made calls to the cellular telephone numbers of both named Plaintiffs in this action. The calls made by Defendant were received to Plaintiffs respective numbers.

52. The calls were prerecorded, robotic, automated, and lacked human responses.

53. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided it with prior express consent within the meaning of the statute.[2]

54. As a result of Defendant's unlawful acts, omissions and/or practices as alleged herein, Plaintiffs and all proposed ATDS class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential telephones as the calls came in, involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress.

55. As a result of Defendant's violations of 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto, Plaintiffs and members of the proposed ATDS Class are entitled to, *at a minimum*, an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. For each and every knowing or willful violation of 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto, Plaintiffs and members of the proposed ATDS seek an increase in the award to up to three times the greater of actual or statutory damages, as permitted by 47 U.S.C. § 227(b)(3)(C).

57. Plaintiffs and members of the proposed ATDS Class are also entitled to and do seek injunctive relief prohibiting such conduct violating 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto by Defendants in the future. 47 U.S.C. § 227(b)(3).

58. Plaintiffs and members of the proposed ATDS Class also seek an award of attorneys' fees and costs.

---

[2] *See 2008 FCC Declaratory Ruling*, 23 FCC Rcd. at 565 ¶ 10.

## SECOND CAUSE OF ACTION
## Use of artificial or prerecorded voice ("robo-calls") in violation of the TCPA

59.     Plaintiffs incorporate by reference paragraphs one (1) through fifty-eight (58) of this Complaint as if fully stated herein.

60.     Plaintiffs bring this claim individually and on behalf of the proposed National Telemarketing Class against Defendant.

61.     The TCPA generally prohibits the use of "an artificial or prerecorded voice" to make any call to a wireless number or residential number in the absence of an emergency without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(B). The calls made by Defendant are not subject to any exception or exemption to this rule.

62.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided it with prior express consent within the meaning of the statute.[3]

63.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided it with prior express consent within the meaning of the statute.

64.     Defendant initiated, or caused the initiation of, telephone calls that introduced an advertisement or constituted telemarketing without prior express written consent of the called party and for no emergency purpose in violation of 47 U.S.C. § 227.

65.     The solicitation calls made by Defendant were received to Plaintiffs' respective numbers.

66.     Defendant's prerecorded telephone calls to Plaintiffs and the class included or introduced an advertisement or constituted telemarketing. 47 C.F.R. § 64.1200(a).

---

[3] *Id.*

67. Defendant did not obtain Plaintiffs' prior express written consent to transmit or deliver prerecorded calls.

68. Defendant made the calls without an emergency purpose.

69. The calls did not include a mechanism for Plaintiffs to opt out of receiving additional calls or a toll-free phone number to call to be removed from the list. Defendant placed the calls to Plaintiffs for Defendant's benefit.

70. As a result of Defendant's unlawful acts, omissions and/or practices as alleged herein, Plaintiffs and all proposed National Telemarketing class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential telephones as the calls came in, involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress.

71. As a result of Defendant's violations of 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto, Plaintiffs and members of the proposed National Telemarketing Class are entitled to, *at a minimum*, an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

72. For each and every knowing or willful violation of 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto, Plaintiffs and members of the proposed National Telemarketing Class seek an increase in the award to up to three times the greater of actual or statutory damages, as permitted by 47 U.S.C. § 227(b)(3)(C).

73. Plaintiffs and members of the proposed National Telemarketing Class are also entitled to and do seek injunctive relief prohibiting such conduct violating 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto by Defendant in the future. 47 U.S.C. § 227(b)(3).

74. Plaintiffs and members of the proposed Classes also seek an award of attorneys'

fees and costs.

## THIRD CAUSE OF ACTION
## Calling numbers on the Do Not Call Registry in violation of TCPA

75. Plaintiffs incorporate by reference paragraphs one (1) through seventy-four (74) of this Complaint as if fully stated herein.

76. Plaintiffs bring this claim individually and on behalf of the proposed National DNC Class against Defendant.

77. The FCC regulations prohibit all "telephone solicitation" to cellular telephone and residential telephone numbers registered with the National Do Not Call Registry. 47 C.F.R. 64.1200 (c)(2), (e).

78. The term "telephone solicitation" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message: (i) To any person with that person's prior express invitation or permission; (ii) To any person with whom the caller has an established business relationship; or (iii) By or on behalf of a tax-exempt nonprofit organization." 47 C.F.R. 64.1200(f)(5).

79. The term "*established business relationship*" for purposes of telephone solicitations means a "prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." 47 C.F.R. 64.1200(f)(15).

14

80. Defendant initiated, or caused the initiation of, telephone calls that introduced an advertisement or constituted telemarketing without prior express written consent of the called party and for no emergency purpose in violation of 47 U.S.C. § 227.

81. The solicitation calls made by Defendant were received to Plaintiffs' respective numbers.

82. Defendant's prerecorded telephone calls to Plaintiffs and the class included or introduced an advertisement or constituted telemarketing. 47 C.F.R. § 64.1200(a).

83. Defendant did not obtain Plaintiffs' prior express written consent to transmit or deliver prerecorded calls.

84. Defendant made the calls without an emergency purpose.

85. The calls did not include a mechanism for Plaintiffs to opt out of receiving additional calls or a toll-free phone number to call to be removed from the list. Defendant placed the calls to Plaintiffs for Defendant's benefit.

86. Plaintiffs and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, loss of time, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

87. As a result of Defendant's unlawful acts, omissions and/or practices as alleged herein, Plaintiffs and all proposed class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential telephones as the calls came in, involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress.

88. As a result of Defendant's violations of 47 U.S.C. § 227(c) and the regulations

promulgated pursuant thereto, Plaintiffs and members of the proposed Classes are entitled to, *at a minimum*, an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

89. For each and every knowing or willful violation of 47 U.S.C. § 227(c) and the regulations promulgated pursuant thereto, Plaintiffs and members of the proposed Classes seek an increase in the award to up to three times the greater of actual or statutory damages, as permitted by 47 U.S.C. § 227(c)(5).

90. Plaintiffs and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA and its associated regulations by Defendant in the future.  47 U.S.C. § 227(c)(5).

91. Plaintiffs and members of the proposed Classes also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed Class the following relief against Defendant:

a. Enter an order certifying this action as a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Classes, finding that Plaintiffs are proper representatives of the Classes, and appointing the lawyers and law firm representing Plaintiffs as counsel for the Classes;

b. Enter a permanent injunction to prevent future violations of the TCPA and of the FCC regulations promulgated pursuant to that Act by Defendant;

c. Award Plaintiff and each member of the proposed Classes monetary damages from Defendant, including at least $500 for every call made in violation of the

TCPA and/or 47 C.F.R. Part 64, and up to treble damages for every willful and/or knowing violation of the TCPA;

d. Award attorneys' fees and costs to counsel for Plaintiffs and the proposed Classes; and

e. Award any additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: July 27, 2023　　　　　　　　　　By: /s/ Ashley T. Davis, Esq.

ALLEN, ALLEN, ALLEN & ALLEN
Ashley T. Davis, Esq. (VSB No. 68078)
1809 Staples Mill Rd.
Richmond, VA 23230
Telephone: (804) 257-7526
Facsimile: (804) 257-7526
Email: ashley.davis@allenandallen.com

CARNEY BATES & PULLIAM, PLLC
Randall K. Pulliam (*pro hac vice* forthcoming)
Courtney E. Ross (*pro hac vice* forthcoming)
519 W. 7th Street
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
Email: rpulliam@cpblaw.com
Email: cross@cbplaw.com

DON BIVENS, PLLC
Don Bivens (*pro hac vice* forthcoming)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: (602) 708-1450
Email: don@donbivens.com

*Attorneys for Plaintiff*